**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                    )
PHILIP TEAGUE,                                      )
                                                    )
          Plaintiff,                                )
                                                    )          **Civil Action No.**
          v.                                        )          **14-13458-FDS**
                                                    )
CAROLYN W. COLVIN, Commissioner,                    )
Social Security Administration,                     )
                                                    )
          Defendant.                                )
_____ )

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REVERSE AND**
**DEFENDANT'S MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER**

**SAYLOR, J.**

   This is an appeal of the final decision of the Commissioner of the Social Security

Administration ("SSA") denying Philip Teague's application for Social Security Disability

Income ("SSDI") benefits.  The Commissioner denied Teague's claim for benefits, finding that

he was not disabled as of March 31, 2011, the last date that he was eligible for benefits.  Teague

appeals the Commissioner's decision on the ground that the decision was not supported by

substantial evidence pursuant to 42 U.S.C. § 405(g).  Specifically, Teague contends that the

SSA's Appeals Council improperly failed to consider a finding by the Veterans Administration

("VA") that he was 100 percent disabled as of July 31, 2012.

   Pending before the Court are Teague's motion to reverse the decision of the

Commissioner and the Commissioner's motion to affirm her decision.  For the reasons stated

below, the decision of the Commissioner will be affirmed.

I.      **Background**

Philip Teague was 49 years old in 2011, the date that he was last insured.  (A.R. 22).[1]  He
is a high school graduate; his work has included working with concrete, operating a wood plane
in a lumber mill, and operating the front desk at a homeless shelter.  (A.R. 46, 55).

Teague served in the military from 1979 through 1983.  (A.R. 48).  While in the military,
he suffered a knee injury.  He contends that his injury became worse over time and now
occasionally requires a knee brace.  (A.R. 55-58).  He also suffers from back pain and hearing
loss.  (A.R. 57, 59-60).

Teague testified that he also suffered a head injury during his military service, and that
the injury has caused him light-headedness and headaches.  (A.R. 61-62).  During 2011, Teague
suffered headaches three or four times per month, and they occasionally required rest and pain
medication.  (A.R. 63).  Teague also testified that he experienced memory loss that made it
difficult to remember names, but that he was able to follow basic instructions.  (A.R. 65).

Teague further testified that he had suffered from depression since the 1980s.  (A.R. 66).
Although he testified that he learned how to deal with his mental health issues, Teague also
noted that he abused alcohol and drugs until December 2010.  (A.R. 66-67).  He also testified
that he suffered from PTSD in connection with an accident during his military service in Korea.
(A.R. 69).  He stated that he experienced mood swings and interact well in crowds.  (A.R. 79).
He testified that he easily became tired and would nap in front of the television for two or three
hours per day.  (A.R. 81).

---

[1] The last date that Teague was insured was March 31, 2011.  To be eligible for SSDI benefits, a claimant
must be "insured for disability" at the time he became disabled.  A claimant is insured for disability in any quarter in
which he was fully insured and had "at least 20 [quarters of coverage] in the 40-quarter period . . . ending with that
quarter."  20 C.F.R. § 404.130(b).  Based on Teague's earnings record, he last met the SSDI insured status
requirement on March 31, 2011.  Thus, he had to show that he was disabled as of that date to qualify for SSDI
benefits.

Teague testified that he thought that he could lift up to 50 pounds during the relevant period, but would have trouble sitting for long periods.  (A.R. 89).  He stated that he could walk for one mile, but would "pay for it in the long run." (A.R. 90).  He did not have problems with pushing or pulling.

In reaching a decision, the ALJ asked the vocational expert to assume a person of plaintiff's age, education, and work experience, who could perform work at the medium level, with the following restrictions:  only frequent lifting of 20 pounds; only occasional lifting of 40 pounds; only occasional stooping, crouching, crawling, or kneeling; tasks with an SVP of 3 or lower; the ability to be off task less than 10 percent of the time; and avoidance of workplace hazards, vibration, and extreme cold.  (A.R. 91-94).  The vocational expert testified that such an individual could not perform any of plaintiff's past work, but could perform the jobs of janitor, dishwasher, or laundry worker—jobs which existed in significant numbers in the local and national economies.  (*Id.*).

## II.   Procedural History

On February 16, 2012, Teague filed an application for SSDI benefits, claiming that he had been disabled since January 1, 2011.  The SSA denied the claim, finding that he was not disabled as of March 31, 2011, the last date that he was eligible for benefits.  Teague filed a request for reconsideration, which the SSA denied.  He then filed a request for a hearing before an ALJ.  After the hearing, the SSA issued a notice of unfavorable decision, finding that Teague was not disabled from January 1, 2011, the alleged onset date, through March 31, 2011, the date that he was last insured.  Teague filed a request for review of the ALJ's decision, which the Appeals Council denied.

### III.   <u>Analysis</u>

#### A.   <u>Standard of Review</u>

Under § 205(g) of the Social Security Act, this Court may affirm, modify, or reverse the Commissioner's decision, with or without remanding the case for a rehearing. 42 U.S.C. § 405(g).  The ALJ's finding on any fact shall be conclusive if it is supported by substantial evidence, and must be upheld "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion," even if the record could justify a different conclusion.  *Rodriguez v. Secretary of Health and Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981); *see also Evangelista v. Secretary of Health and Human Servs.*, 826 F.2d 136, 144 (1st Cir. 1987).  In applying the "substantial evidence" standard, the Court must bear in mind that it is the province of the ALJ, not the courts, to find facts, decide issues of credibility, draw inferences from the record, and resolve conflicts of evidence.  *Ortiz v. Secretary of Health and Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991).  Reversal is warranted only if the ALJ committed a legal or factual error in evaluating plaintiff's claim, or if the record contains no "evidence rationally adequate . . . to justify the conclusion" of the ALJ.  *Roman-Roman v. Commissioner of Soc. Sec.*, 114 Fed. Appx. 410, 411 (1st Cir. 2004); *see also Manso-Pizarro v. Secretary of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  Therefore, "[j]udicial review of a Social Security Claim is limited to determining whether the ALJ used the proper legal standards, and found facts based on the proper quantum of evidence."  *Ward v. Commissioner of Soc. Sec.*, 211 F.3d 652, 655 (1st Cir. 2000).  Questions of law, to the extent

that they are at issue in this appeal, are reviewed *de novo*.  *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001).

### B.    The SSA's Determination

After Teague appealed the decision of the ALJ (on July 26, 2013), but before the Appeals Council issued its decision to deny review of his case (on June 25, 2014), Teague submitted additional evidence to the SSA.  Specifically, Teague submitted a disability rating decision from the VA dated March 31, 2014.  (A.R. 120-34).  The VA rating decision indicated that Teague was 100 percent disabled as of July 31, 2012, due to major depressive disorder with polysubstance abuse in sustained remission.  (A.R. 121).  That information supplemented a series of earlier VA decisions considered by the ALJ during the administrative hearing.  The question presented is whether the Appeals Council should have considered that new information before issuing its decision.

In determining whether to grant review of an ALJ's decision—and even though it may ultimately decline review—the Appeals Council must consider "new and material" evidence when it relates to the period before the ALJ decision.  *See Wilkens v. Secretary of Health and Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991) (collecting cases); *see also Mills v. Apfel*, 244 F.3d 1, 5-6 (1st Cir. 2001) (noting that "the Appeals Council may have 'made a mistake' in refusing to consider new evidence presented to it, depending on the ground it gave"); 20 C.F.R. § 404.970 ("If new and material evidence is submitted, the Appeals Council *shall consider* the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." (emphasis added)).  Evidence is material if there is "a reasonable possibility that the new evidence would have changed the outcome."  *Wilkens*, 953 F.2d at 96.

Teague does not appear to contend that the ALJ's decision is against the weight of

substantial evidence based solely on the evidence in the administrative record.  Rather, Teague contends that the ALJ's decision should be reversed because the Appeals Council failed to adequately explain why the March 2014 VA disability rating did not constitute material new evidence that warranted review.  Specifically, Teague contends that because the VA rating indicated that Teague's major depressive disorder was "100 percent disabling" as of July 31, 2012, it was necessarily inconsistent with the ALJ's finding that Teague was not disabled.  The Commissioner contends that the VA decision was not material, and therefore, the Appeals Council was not required to consider it.  The Court concludes that the new evidence—that the VA found Teague disabled as of July 31, 2012—was not material, and therefore did not require review by the Appeals Council for at least two reasons.

First, the VA found that Teague was 100 percent disabled as of July 31, 2012.  But in order to receive SSDI benefits, Teague was required to demonstrate that he was disabled on or before March 31, 2011.  Teague has not explained how or why the VA's decision is material to whether he was disabled as of March 31, 2011—that is, how a disability decision relating to a time period more than a year after that date is evidence that would have "changed the outcome" of the ALJ's decision.  *Wilkens*, 953 F.2d at 96.  Because the March 2014 VA determination was not material, the Appeals Council was under no obligation to consider it.  But Teague further contends that "the Appeals Council must specifically explain the basis for rejecting new evidence."  (Pl.'s Mem. 12).  In each of the cases Teague cites, however, the court was concerned with evidence that was both new *and* material.[2]  But as courts in this district have

_____

[2] In fact, one of the cases Teague cites specifically notes that the Appeals Council is not required to state its rationale for denying review.  *See Riley v. Apfel*, 88 F. Supp. 2d 572, 579 (W.D. Va. 2000).   Another opinion he cites notes that even where the Appeals Council should have specifically addressed additional evidence in a decision denying review, when new evidence is irrelevant, there is no prejudice and no basis for appeal to the federal courts. *See Newton v. Apfel*, 209 F.3d 448, 459-60 (5th Cir. 2000).

recently noted, "[T]he Appeals Council need not explain its decision, especially where there is no new or material evidence to support a remand." *See Wilson v. Colvin*, 2015 WL 1472069, at *1 (D. Mass. Mar. 31, 2015) (citing *Nadeau v. Colvin*, 2015 WL 1308916, at *10 (D. Mass. Mar. 24, 2015) (declining to remand where evidence was "not new, material, or contrary to the weight of the other evidence") and *Moore v. Astrue*, 2013 WL 812486, at *5 (D. Mass. Mar. 2, 2013) ("[T]he fact that the [Appeals Council] neither explicitly rejected nor accepted the evidence does not necessarily justify reversal or remand.")).

Second, ratings from other government agencies such as the VA, standing alone, are not material evidence that alter the Social Security disability analysis. *See Blais v. Astrue*, 2011 WL 3443570, at *9 (D. Mass. Aug. 4, 2011) ("[e]vidence of eligibility for workers' compensation benefits is of *little to no* probative value in the Social Security context" because the eligibility criteria differs from that employed by the Social Security Administration) (emphasis added). Therefore, the VA's finding that Teague's impairment is 100 percent disabling is not, as he contends, necessarily in conflict with the ALJ's finding that he is not disabled under the relevant SSA provisions. VA disability ratings differ from Social Security disability determinations in several significant ways. Among other things, a VA rating is based on an estimated average reduction in earnings capacity. 38 C.F.R. §§ 4.1, 4.15. "The percentage ratings represent as far as can practically be determined the average impairment in earning capacity resulting from such diseases and injuries and their residual conditions in civil occupations." 38 C.F.R. § 4.1. Thus, because ratings are based on averages, a veteran can receive a VA disability rating even if he has no actual work-related limitations. In contrast, a finding of disability under the Social Security Act applies only to those individuals who, based on their individual residual functional capacity ("RFC"), cannot perform substantial gainful activity. *See* 20 C.F.R. § 404.1505 (defining a

disability as the "inability to do any substantial gainful activity . . ."). Furthermore, VA ratings compensate veterans for non-financial personal losses. "The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life including employment." 38 C.F.R. § 4.10. By contrast, Social Security disability proceedings focus exclusively on the claimant's ability to work. *See* 20 C.F.R. § 404.1505 ("To meet this definition [of disabled], [a claimant] must have a severe impairment[ ] that makes [him] unable to do [his] past relevant work . . . or any other substantial gainful work that exists in the national economy.").

In sum, Teague's March 2014 VA disability rating, which is governed by substantially different provisions from the SSA's determination and was focused on a later time period, was not material to the Appeal Council's decision. Accordingly, the Appeals Council was not obligated to consider it, and with no new material evidence, the Court must find that the ALJ's decision was supported by substantial evidence.

**IV.**     **Conclusion**

For the foregoing reasons, Teague's motion to reverse the decision of the Commissioner is DENIED, and the Commissioner's motion to affirm is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV

Dated:  December 15, 2015          United States District Judge